**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| PAUL H. HULSEY AND BELINDA ) <br> HULSEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HOMETEAM PEST DEFENSE LLC AND ) <br> HTPD LLC, ) <br> ) <br> Defendants. ) <br> ) | No. 2:10-cv-03265-DCN <br><br><br><br><br> **ORDER** |

      This matter is before the court on motions in limine. After considering the parties' written submissions and oral arguments, the court denies defendants' motion to exclude the testimony of Bert Snyder, grants in part and denies in part defendants' motion to exclude certain testimony of Larry Cantley, grants defendants' motion to exclude the testimony of Patrick Bell, and denies plaintiffs' motion to exclude the testimony of Stoney Bachman or Jeffrey Tucker as needlessly cumulative.

### I.  MOTION TO EXCLUDE TESTIMONY OF BERT SNYDER

      Defendants first argue that the testimony of Bert Snyder, plaintiffs' only expert on the standard of care for the treatment of termites, should be excluded because it does not satisfy the requirements of Federal Rule of Evidence 702 or <u>Daubert v. Merrell-Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). The court disagrees.

      As an initial matter, Mr. Snyder is qualified to provide expert testimony in his designated area. He is a graduate entomologist with a Bachelor of Science degree in Entomology from Clemson University and has served as President of both the Greater Charleston Pest Control Association and South Carolina Pest Control Association. In

1

addition, Mr. Snyder has worked full time in the extermination business since 1990, and currently acts as Vice President of Palmetto Exterminators, Inc. These and other qualifications render Mr. Snyder competent to testify on the standard of care for the treatment of termites, the proper response upon discovering a termite infestation, and the interaction between termites and moisture intrusion. Moreover, Mr. Snyder's expert report satisfies Federal Rule of Civil Procedure 26(a)(2)(B).

Turning to defendants' contentions, plaintiffs have shown, based on his experience in the pest control industry, that Mr. Snyder can give relevant and reliable testimony on the effectiveness of using a Sentricon Colony Elimination System in conjunction with a spot treatment of termiticide to a termite-infested residence. Unlike lay witness testimony, which must be based on personal knowledge, experts are "permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." Daubert, 509 U.S. at 592. Similarly, Mr. Snyder can opine on the typical effectiveness of an inspection by a termite-detecting dog based on his knowledge of the pest control industry and termite control practices. Again, personal experience with the subject of the proffered testimony, such as the use of termite-detecting dogs in one's own business, is not required. See Thomas J. Kline, Inc. v. Lorillard, Inc., 878 F.2d 791, 799 (4th Cir. 1989) ("One knowledgeable about a particular subject need not be precisely informed about all details of the issues raised in order to offer an opinion."). Therefore, the court denies defendants' motion in limine.[1]

---

[1] At the court's June 19, 2012 hearing, defendants orally moved to exclude Mr. Snyder's testimony on the standard of care for the treatment of termites because at that hearing, the court granted summary judgment on plaintiffs' claim for negligence. In addition to the reasons provided above for allowing Mr. Snyder to testify as an expert witness, the court further finds that Mr. Snyder's testimony is still relevant to substantive issues in this case, such as whether defendants provided the necessary services for the treatment of termites at plaintiffs' residence.

2

## II.  MOTION TO EXCLUDE TESTIMONY OF LARRY CANTLEY

Next, defendants seek to exclude certain testimony of Larry Cantley, a witness designated by plaintiffs to provide both lay and expert testimony.  In response to defendants' motion and at the hearing, plaintiffs clarified that they will not offer testimony by Mr. Cantley on termites, the treatment of termites, repairs necessitated by termite damage, and similar subjects.  See Pls.' Resp. 2.  The parties still dispute whether Mr. Cantley may testify as to the statements found in his expert report at paragraphs two, five (first sentence only), and seven.

> The second paragraph of Mr. Cantley's report states,
>
> I am familiar with the Hulsey home, as my company has performed contractual work there at various times from 1995 until present. Therefore, I had extensive experience with the house before the first termite infestation was discovered in 1998.  It is my opinion that the Hulsey[s] maintained their home in excellent condition.  Whenever maintenance or repairs were needed, as is often the case with homes built on the coast, the Hulseys made it a practice to address those conditions immediately.  The home is well constructed and has not experienced other than superficial water intrusion that can be expected with any beach front property.  From its initial construction, the Hulsey home has been a high quality, luxurious custom house.  Any repair work performed on this house would need to be consistent with these high standards.

Defs.' Mot. in Limine Ex. E at 1.  Again, plaintiffs have designated Mr. Cantley to provide both lay testimony regarding his more than fifteen years' experience in construction and repairs at plaintiffs' home as well as expert testimony based on his experience as a contractor.  With respect to paragraph two of his report, Mr. Cantley's statements are based on sufficient personal perception.  See Fed. R. Evid. 701 (stating

---

Thus, to the extent that this motion differs from defendants' previously-filed motion in limine, the court also denies this motion.

The court has also received a motion in limine filed on June 20, 2012 to exclude testimony by Bert Snyder regarding unspecified manufacturer's requirements.  The court will rule on this motion after plaintiffs have offered a response.

3

that when a witness is not testifying as an expert, he may testify in the form of an opinion if such testimony is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge").  Mr. Cantley can certainly opine that plaintiffs' residence was maintained in excellent condition, that repairs were addressed immediately, that the home is well constructed and has suffered only superficial water intrusion, and that the home is high quality and luxurious, all because of his personal observation of and experience with the residence.  Therefore, testimony as to these statements will not be excluded prior to trial.

The fifth paragraph, first sentence of Mr. Cantley's report states, "None of the repair work done can be considered an upgrade from the house's former condition because the materials and workmanship that existed prior to the repair work were of highest quality."  Defs.' Mot. in Limine Ex. E at 1.  While Mr. Cantley is familiar through personal observation of some (although not all) of the materials and workmanship that existed prior to the repairs in 2008,[2] he admittedly does not have firsthand knowledge of the repair work performed following the alleged discovery of a termite infestation in 2008.  Without sufficient personal knowledge, Mr. Cantley's testimony must be excluded, unless at trial plaintiffs can lay a proper foundation for Mr.

---

[2] During the deposition of Mr. Cantley, the following discussion took place:

> Q:  What kind of tile was in the master bedroom and the master bathroom before the repairs [were] done by South Atlantic?
> A:  I don't recall.
> Q:  What kind of tile is in the Hulsey[s'] house now?
> A:  I don't know.
> Q:  How can you make that statement that none of the repair work done can be considered an upgrade if you don't even know what kind of tile was there previously?
> A:  Well, I guess I can't.

Cantley Dep. 65:13-24.

Cantley to give an expert opinion as to this statement.  See, e.g., TLT-Babcock, Inc. v. Emerson Elec. Co., 33 F.3d 397, 400 (4th Cir. 1994) (affirming district court's exclusion of lay opinion testimony that was not based on personal perceptions).  At this time, the court grants defendants' motion to exclude testimony derived from the fifth paragraph, first sentence of Mr. Cantley's report.

The seventh paragraph of Mr. Cantley's report states, "The repairs to this house were extensive enough to preclude the owners from occupying the house during the repair work.  The Hulseys would have had to move out of their home for the duration of the work."  Id. at 2.  Here, the court is satisfied that Mr. Cantley can draw on his expert knowledge in the field of contracting and repair work to offer these statements.  As an expert, Mr. Cantley does not need firsthand knowledge of the 2008 repairs to testify that they were extensive enough to force plaintiffs from their home; instead, Mr. Cantley can rely on his experience as a general contractor and principal of Carolina Professional Builders, LLC.  The court denies defendants' motion in limine to exclude testimony regarding these statements.

### III.   MOTION TO EXCLUDE TESTIMONY OF PATRICK BELL

Finally, defendants move to exclude the testimony of Patrick Bell, a witness identified by plaintiffs to offer expert testimony on the projected lost rental income of plaintiffs' home during the year they allegedly were forced to move out due to termite damage and repairs.  The court grants defendants' motion because Mr. Bell's report utterly fails to comply with the dictates of Federal Rule of Civil Procedure 26(a)(2)(B).  The report lacks the "basis and reasons" for Mr. Bell's findings, the "facts or data considered" by Mr. Bell in forming his opinions, "exhibits that will be used to summarize

or support" his opinions, a sufficient statement of his qualifications as an expert,[3] other cases in which he has testified as an expert, and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Under Rule 37(c)(1), the failure to provide information required by Rule 26(a) results in the exclusion of that information at trial unless it was substantially justified or harmless. Plaintiffs have not offered sufficient justification for these deficiencies, and to admit an expert report with this level of noncompliance with Rule 26(a) would set a very low bar for admissibility of reports going forward. Moreover, the failure to comply with Rule 26(a) is not harmless because it "unfairly inhibits [defendants'] ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278 (4th Cir. 2005). For these reasons, the court grants defendants' motion.

## IV.  MOTION TO EXCLUDE TESTIMONY OF STONEY BACHMAN OR JEFFREY TUCKER AS NEEDLESSLY CUMULATIVE

Plaintiffs have filed a motion in limine in which they seek to exclude what they refer to as cumulative testimony offered by two expert witnesses for defendants, Stoney Bachman and Jeffrey Tucker. Federal Rule of Evidence 403 provides that the court may exclude evidence if its probative value is "substantially outweighed" by a danger of "needlessly presenting cumulative evidence." After reviewing the respective reports and deposition testimony of these witnesses, the court finds at this time that there is not a substantial danger of needless cumulative evidence. Mr. Bachman and Mr. Tucker are designated to testify on whether defendants violated the standard of care in this case and whether plaintiffs' home suffered from moisture damage. These are highly contentious

---

[3] What plaintiffs refer to as Mr. Bell's "report and CV" is in reality a list of rental figures accompanied by an excerpt from a July 2012 resort membership newsletter.

6

issues, and the court is unwilling to prevent the testimony of one expert in favor of the other at this time.  See Kay v. Lamar Adver. of S.D., Inc., No. 07-5091, 2009 WL 2525204, at *2 (D.S.D. Aug. 17, 2009) (finding that proposed testimony of two experts "pertains to the underlying issues before the court and is therefore not 'needless'").  "If, however, the evidence becomes cumulative at trial, plaintiff[s] can certainly object to it at trial."  In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig., No. 09-2100, 2011 WL 6740363, at *24 (S.D. Ill. Dec. 22, 2011).

## V.   CONCLUSION

Based on the foregoing, the court **DENIES** defendants' motion to exclude the testimony of Bert Snyder, **GRANTS IN PART** and **DENIES IN PART** defendants' motion to exclude certain testimony of Larry Cantley, **GRANTS** defendants' motion to exclude the testimony of Patrick Bell, and **DENIES** plaintiffs' motion to exclude the testimony of Stoney Bachman or Jeffrey Tucker as needlessly cumulative.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 21, 2012
Charleston, South Carolina**